*Of Counsel* – Hyslip & Taylor LLC LPA
Art Matthews, Esq.
Email: aem@matthewsfirm.net
Attorney for Plaintiff
1801 Century Park East, 24ᵗʰ Floor
Los Angeles, CA 90067
310-556-9620
Cal. Bar. No. 145232

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| Cristobalina Davis<br><br>        Plaintiff,<br><br>v.<br><br>Portfolio Recovery Associates, LLC<br><br>        Defendant. | Case No.: 2:14-cv-05667<br><br><br>Judge:<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, AND OTHER EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1.  Plaintiff, Cristobalina Davis, ("Cristobalina"), is a natural person who resided in

    Lake Los Angeles, California, at all times relevant to this action.

Complaint - 1

2. Defendant, Portfolio Recovery Associates, LLC, ("PRA"), is a Delaware Limited Liability Company that maintained its principal place of business in Norfolk, Virginia, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1367(a), the Court also has Supplemental Jurisdiction over Plaintiff's claims under the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq*, ("RFDCPA") because they share a common nucleus of operative fact with Plaintiff's claims under the FDCPA.

5. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

6. At all times relevant to this action, PRA engaged in the business of consumer debt collection.

7. PRA regularly uses the telephone and mail to collect consumer debts that PRA either purchased or had been hired to collect.

8. The principal source of PRA's revenue is debt collection.

9. PRA is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. PRA is a "debt collector" as defined by the RFDCPA, California Civil Code §1788.2(c).

11. As described below, PRA contacted Cristobalina about an obligation that Cristobalina allegedly owed, which had been incurred for personal rather than commercial purposes.

12. This obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

13. The alleged debt arose from a "consumer credit transaction" as defined by the RFDCPA, California Civil Code §1788.2(e).

14. As described below, PRA attempted to collect the debt from Cristobalina, and in so doing, has alleged that Cristobalina owed the debt.

15. Cristobalina is a "consumer" as defined by 15 U.S.C. §1692a(3).

16. Around November 2013, PRA began contacting Cristobalina on Cristobalina's cellular phone in connection with the collection of the debt.

17. During one communication, around December 2013, Cristobalina requested PRA cease further calls to Cristobalina.

18. Despite this request, PRA contacted Cristobalina on Cristobalina's cellular phone in connection with the collection of the debt on numerous occasions, most recently on or around March 12, 2014.

19. Cristobalina repeatedly requested PRA cease further calls to Cristobalina.

20. PRA attempted to collect a debt from Cristobalina.

21. PRA violated the FDCPA.

## COUNT ONE

**Violation of the Fair Debt Collection Practices Act**

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at an unusual place – her cell phone - known to be inconvenient.

## COUNT TWO

**Violation of the Fair Debt Collection Practices Act**

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt by calling Plaintiff on her cell phone after being told to stop calling.

## COUNT FOUR

**Violation of the Rosenthal Fair Debt Collection Practices Act**

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant violated California Civil Code §§ 1788.17 by violating 15 U.S.C.

1692c(a)(1).

## COUNT FIVE

### Violation of the Rosenthal Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated

herein.

29. Defendant violated California Civil Code §§ 1788.17 by violating 15 U.S.C.

1692d.

## JURY DEMAND

30. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

31. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages,

       and costs and reasonable attorney's fees pursuant to 15 U.S.C.

       §1692k.

    b. Judgment against Defendant for actual damages, statutory damages,

       and reasonable attorneys' fees and costs pursuant to California Civil

       Code § 1788.30(c).

    c. For such other legal and/or equitable relief as the Court deems

       appropriate.

1

RESPECTFULLY SUBMITTED,

2

Hyslip & Taylor, LLC, LPA

3

4

By: _/s/ Art Matthews_____

5

6

7

*Of Counsel*

8    Art Matthews, Esq.

9    1801 Century Park East, 24th Floor
     Los Angeles, CA 90067

10   Phone: 310-556-9620

11   Cal. Bar. No. 145232

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint - 6